UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE EMPLOYEES CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>NAUTI BOY, Official Number 1051909, its Engines, Machinery, Appurtenances, etc., *In Rem*,<br><br>UNKNOWN HEIRS AND BENEFICIARIES OF JOE VELASQUEZ, ANGELA VELASQUEZ, AMANDA BECKER, and UNKNOW HEIRS AND BENEFICIARIES OF JOSEPH VELASQUEZ, III, *In Personam*,<br><br>Defendants. | CASE NO. 23-cv-987<br><br>ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE |

This matter came before the Court on Plaintiff's Motion to Approve Alternative Service on Unknown Heirs And Beneficiaries of Joe Velasquez, And Unknown Heirs And Beneficiaries of Joseph Velasquez (the "Motion"). Dkt. No. 6. Plaintiff asks the Court for permission to serve the summons and complaint to the "unknown heirs" of Joe Velasquez and Joseph Velasquez, III ("Velasquez III") on the belief that each is deceased and without probate. *See id*. at 1-2.

Plaintiff states that Joe Velasquez, the sole owner of NAUTI BOY, the vessel at-issue in this matter, died on February 11, 2022. Dkt. No. 6, Attachment No. 1 ¶¶ 3-4. Plaintiff attached a

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 1

copy of Velasquez's death certificate and states that "[n]o probate or small estate proceeding has been filed or initiated to administer [Velasquez's] estate." *Id*. ¶ 5, Ex. A; ¶ 7. Plaintiff claims that Velazquez III is also dead based on Velasquez's obituary from Jerns Funeral Home and Cremation Services, which states in relevant part that Velasquez III predeceased his father.[1] *See Id.*, Ex. B.

Under Fed. R. Civ. P. 4(e)(1), Plaintiff may serve a defendant in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Washington, service by publication is authorized in a number of instances, including when the defendant cannot be located in the state, the defendant's residence is unknown, and when the subject of the action is personal property and "the defendant has or claims a lien or interest . . . therein, or the relief demanded consists wholly, or partly, in excluding the defendant from any interest or lien therein." RCW 4.28.100(6).

Thus, based on its claims that Velasquez and Velasquez III are deceased without known heirs except for Angela Velasquez and Amanda Becker, the Court finds that Plaintiff has satisfied the requirements of RCW 4.28.100. Plaintiff may serve any unknown heirs of Velasquez and Velasquez III by publication in the form prescribed by RCW 4.28.110. *See* Dkt. No. 6, Attachment No. 1 ¶ 6. Plaintiff must publish the summons for six consecutive weeks in the Daily Journal of Commerce, a newspaper of general circulation in King County, Washington, the county in the U.S. District Court for the Seattle Division of the Western District of Washington is located. Plaintiff

---

[1] Plaintiff did not provide a death certificate for Velasquez III, but many courts accept obituaries as a proper foundation for taking judicial notice of a death. *See e.g., United States v. Thomas,* No. CR 01-058 (KSH), 2022 WL 538540, at *3 (D.N.J. Feb. 23, 2022) (taking judicial notice of an obituary notice published online by a funeral home). The Court takes judicial notice of the Jerns Funeral Home obituary indicating that Velasquez III is deceased.

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 2

must also serve these papers and summonses for Velasquez and Velasquez III with the summonses served on Angela Velasquez and Amanda Becker.

It is so ORDERED.

Dated this 18th day of July, 2023.

                                         Jamal N. Whitehead
                                         United States District Judge

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 3