The Honorable Jamal N. Whitehead

UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WASHINGTON

SEATTLE DIVISION

| | |
|---|---|
| WASHINGTON STATE EMPLOYEES CREDIT UNION,<br><br>                      Plaintiff,<br><br>v.<br><br>NAUTI BOY, Official Number 1051909, its Engines, Machinery, Appurtenances, etc., *In Rem;*<br><br>    and<br><br>ANGELA VELASQUEZ, AMANDA BECKER, UNKNOWN HEIRS AND BENEFICIARIES OF JOSEPH VELASQUEZ, III., and UNKNOWN HEIRS AND BENEFICIARIES OF JOE VELASQUEZ, *In Personam,*<br><br>                      Defendants. | IN ADMIRALTY<br><br>Case No. 2:23-cv-00987-JNW<br><br>ORDER APPOINTING SUBSTITUTE CUSTODIAN, FOR PERMISSION TO MOVE THE VESSEL, AND FOR BOARDING AND INSPECTION |

Plaintiff, Washington State Employees Credit Union, by and through its attorney Michelle Bertolino of Farleigh Wada Witt, having appeared, now makes the following recitals:

1.    On July 3, 2023, the Complaint herein was filed praying that defendant vessel NAUTI BOY, Official No. 1051909, her engines, machinery, and appurtenances, etc. ("Vessel") be condemned and sold to pay Plaintiff's claims, and for other proper relief.

2. In the immediate future, the Clerk of this Court is expected to issue a warrant for arrest of the Vessel, commanding the United States Marshal for this District to arrest and take the Vessel into custody, and to detain the same in its custody until further order of this Court respecting the same.

3. It is contemplated that the United States Marshal will seize the Vessel and her appurtenances forthwith. Custody of the United States Marshal requires the services of one or more keepers at charges substantially in excess of those to be made by the substitute custodian alone, not including charges for moorage and the other services usually associated with safekeeping vessels similar to the defendant Vessel.

4. The Vessel is currently located at Deception Pass Marina. Plaintiff is agreeable to allow Marine Lenders Services LLC ("Marine Lenders"), through its manager, Buck W. Fowler, Jr., to assume the responsibility of safekeeping the Vessel, to act as her custodian until further order of this Court, and to move the Vessel and her appurtenances from their current location to a suitable marine facility as Marine Lenders finds necessary.

5. Buck W. Fowler, Jr., by his declaration submitted herewith, states that he can arrange for adequate facilities and supervision for the proper safekeeping of the Vessel and her appurtenances in her current location or elsewhere. Further, in his declaration, Buck W. Fowler, Jr. accepts, in accordance with the terms of this order, possession of the Vessel, her engines, machinery, and appurtenances, etc., which is the subject of the action herein.

6. In consideration of the United States Marshal's consent to the appointment of Buck W. Fowler, Jr., and Marine Lenders Services as substitute custodian, Plaintiff agrees to release the United States and the United States Marshal from any and all liability and responsibility arising out of the care and custody of the Vessel, from the time the United States Marshal transfers

possession of the Vessel over to the substitute custodian, and Plaintiff further agrees to hold harmless and indemnify the United States and the United States Marshal from any and all claims whatsoever arising out of the substitute custodian's possession and safekeeping.

7. The Vessel is currently moored at Deception Pass Marina located at 200 Cornet Bay Rd., Oak Harbor, WA 98277. After arrest, it may be necessary to move the vessel to the facilities of Marine Lenders Services, LLC at 5350 30th Avenue NW, Seattle, Washington, or to other suitable moorage. It may also be necessary to offload any remaining cargo from the Vessel.

8. Buck W. Fowler Jr., by declaration, has stated that Marine Lenders Services, LLC has no interest in the outcome of this lawsuit, can arrange for adequate facilities and supervision for the proper safekeeping of the vessel, and has obtained the legal liability insurance through Great American (Policy No. OMH254311104) with policy limits of not less than $2,000,000, which is expected to be adequate to respond in damages for loss of or injury to the defendant vessel resulting from their legal liability or for damages sustained by third parties due to any acts, faults or negligence of the substitute custodian.

THEREFORE, IT IS ORDERED as follows:

A. That the United States Marshal for the Western District of Washington is authorized, upon seizure of the Vessel, NAUTI BOY, Official No. 1051909, and her appurtenances and equipment, pursuant to Warrant for Arrest, to surrender the possession thereof to Marine Lenders Services LLC as substitute custodian named herein, and that upon such surrender the United States Marshal shall be discharged from the duties and responsibilities for the safekeeping of the Vessel and held harmless from any and all claims arising whatsoever out of said custodial services.

B. That Marine Lenders Services LLC is appointed substitute custodian of the Vessel and her appurtenances, as substitute custodian, shall see to and be responsible for the safekeeping of the defendant vessel. The duties of the substitute custodian shall include, but are not limited to, ensuring that there is adequate, safe moorage for the vessel. The substitute custodian is not required to have a person live on board the vessel, but an officer or authorized agent of the substitute custodian shall go on board the vessel, from time to time to carry out the duties of substitute custodian. No other person shall be allowed to enter on the vessel except as provided for herein or as otherwise expressly authorized by order of this Court.

C. That the Vessel may be moved by tug or other safe means from its present moorage to adequate, safe moorage at the facilities of the substitute custodian on the Lake Washington Ship Canal, Seattle, Washington or other suitable location. The substitute custodian shall notify the office of the U.S. Marshal that the vessel is to be moved and shall again notify the office of the U.S. Marshal when the vessel has been moved. Once the vessel has been moved to the facilities of the substitute custodian or other suitable moorage, the defendant vessel shall not be moved again without further order of the Court.

D. That Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any cargo aboard the vessel and arrange for storage of the same at a suitable storage facility. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading of cargo and again upon the completion of any such offloading.

E. That Marine Lenders Services, LLC, as substitute custodian, with Plaintiff's approval, may permit the Vessel to conduct normal operations while under Marine Lenders Services LLC custodianship, including fueling, loading, discharging, cargo handling, repairs, and Vessel movement within the District, but at the risk and expense of the Vessel's interests. The

substitute custodian Marine Lenders Services, LLC shall ensure that the operations of the Vessel conducted are normal port operations, i.e., normal cargo operations, both discharging and loading, repair work, fueling, and vessel movement, and that the Vessel always remains within the waters of the District, unless and until otherwise ordered by the Court. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such loading, fueling and vessel movement and again upon the completion of such activity. Marine Lenders Services, LLC, as substitute custodian, may if necessary offload any fuel and arrange for disposal of the same. The substitute custodian shall notify the office of the U.S. Marshal prior to engaging in any such offloading and again upon the completion of any such offloading.

    F. That Marine Lenders Services LLC may permit boarding and inspection of the Vessel by marine surveyors, representatives of Plaintiff and prospective purchasers in order to determine the Vessel's condition and value. Costs of such boardings and inspections shall be paid by the party permitted to board and inspect the vessel, or may, upon further order of this Court, be deemed administrative costs herein. All persons entering on board the Vessel shall execute a waiver and release in the form attached hereto. Marine Lenders Services, LLC, as substitute custodian, may, but is not required to, retain such services as are necessary to clean the interior and / or exterior of the vessel, remove food products with such services to be performed under the supervision of the substitute custodian.

    G. That Plaintiff shall arrange to pay charges for substitute custodian's moorage of the Vessel and the fees, costs and legal liability insurance premiums of the substitute custodian and shall reimburse the substitute custodian for such other costs as may be incurred in conduction of the inventory of the equipment on board, in securing the Vessel, in having the Vessel

Page 5 - ORDER APPOINTING SUBSTITUTE CUSTODIAN, FOR PERMISSION TO
    MOVE THE VESSEL, AND FOR BOARDING AND INSPECTION

P:\DOCS\WSECU\27089\PLDG\41S3425.DOCX

cleaned, in moving the Vessel, and / or in offloading any cargo or fuel from the Vessel, as necessary and as authorized by Plaintiff.

    H. That subject to final approval by the Court, all fees, costs and expenses incurred by plaintiff or the substitute custodian pursuant to the terms of this Order shall be deemed administrative expenses of the U.S. Marshal.

    It is further requested that the Clerk of this Court deliver three certified copies of this order to the United States Marshal forthwith.

    SO ORDERED this 26th day of July, 2023.

_____
Jamal N. Whitehead
United States District Judge


Submitted by:
Michelle M. Bertolino, WSBA #26867
Farleigh Wada Witt
121 SW Morrison Street, Suite 600
Portland, OR 97204-3136
Telephone: (503) 228-6044
Facsimile: (503) 228-1741
mbertolino@fwwlaw.com
  *Of Attorneys for Plaintiff Washington State Employees Credit Union*

Page 6 -    ORDER APPOINTING SUBSTITUTE CUSTODIAN, FOR PERMISSION TO
            MOVE THE VESSEL, AND FOR BOARDING AND INSPECTION

# WAIVER OF AND RELEASE FROM LIABILITY

Each of the undersigned, in consideration of being permitted to board the NAUTI BOY, Official No. 1051909, for the purposes of inspection and/or survey, does agree to be and does hereby waive his/her rights whatsoever arising from any possible injury, illness, and/or death to him/her which may result from going onto, or off of, and being on board the vessel for such purpose.

The undersigned understands and agrees that his/her execution hereof constitutes a full release from any and all liability for any injury, illness and/or death, and any and all damages arising from his/her going onto, or off of, and being aboard the vessel. This release of liability extends to the benefit of:

1. U.S. Government and the U.S. Marshals Service, their agents and employees;

2. Washington State Employees Credit Union, and its agents, employees and interested underwriters;

3. _____ (*insurance co.*), its agents, employees and interested underwriters;

4. Marine Service Lenders, through its Managing Member, Buck W. Fowler, Jr. Substitute Custodian, and its agents, employees and interested underwriters; and

5. The NAUTI BOY, Official No. 1051909, its engines, machinery and appurtenances and its interested underwriters.

The undersigned understands and agrees the he/she shall be liable for any damage to the aforesaid vessel, including, but not limited to, its hull, engine, machinery, appurtenances, furnishings, cargo etc., arising out of any actions or activities of any nature undertaken by him/her in relation to his/her boarding the vessel, such liability to attach to him/her whether such actions or activities are negligent or not and whether the actions or activities of the U.S. Marshal, his keeper, the United States of America, and/or the substitute custodian are negligent or not.

The undersigned further understands and agrees that the terms and conditions of this Waiver of and Release from liability extend to and are binding upon his/her heirs, assigns, and administrators.

**I HAVE READ THE FOREGOING WAIVER OF AND RELEASE FROM LIABILITY AND FULLY UNDERSTAND ITS CONTENTS.**

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____

DATED: _____   _____