UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT SEATTLE

| | |
|---|---|
| WASHINGTON STATE EMPLOYEES CREDIT UNION,<br><br>Plaintiff,<br><br>v.<br><br>NAUTI BOY, Official Number 1051909, its Engines, Machinery, Appurtenances, etc., *In Rem*,<br><br>UNKNOWN HEIRS AND BENEFICIARIES OF JOE VELASQUEZ, ANGELA VELASQUEZ, AMANDA BECKER, and UNKNOW HEIRS AND BENEFICIARIES OF JOSEPH VELASQUEZ, III, *In Personam*,<br><br>Defendants. | CASE NO. 23-cv-987<br><br>ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE |

This matter came before the Court on Plaintiff's Motion to Approve Alternative Service as to Defendant Angela Velasquez (the "Motion"). Dkt. No. 18. This Court permitted Plaintiff to serve the "unknown heirs" of Joe and John Velasquez III by alternative means. Dkt. No. 10. Plaintiff now asks the Court for permission to serve to Angela Velasquez ("Defendant Velasquez") by publication and mail. Dkt. No. 18.

Plaintiff seeks foreclosure of a preferred ship mortgage against the vessel NAUTI BOY, Official Number 1051909, its engines, machinery, appurtenances, etc. (the "Vessel"). Dkt. No.

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 1

18 at 2. Plaintiff contends that the sole owner of NAUTI BOY, Joe Velasquez, is deceased and without probate. *Id*. Defendant Velasquez is Joe Velasquez's daughter. *Id*. Plaintiff believes that Defendant Velasquez survived Joe Velasquez. *Id*. Plaintiff seeks to divest Defendant Velasquez of any interest in the Vessel to allow for a clear title at a foreclosure sale, but Plaintiff has, so far, been unable to achieve personal service of the summons and complaint upon Defendant Velasquez. *Id*.

Under Fed. R. Civ. P. 4(e)(1), Plaintiff may serve a defendant in a judicial district of the United States by "following state law for serving a summons in an action brought in courts of general jurisdiction in the state where the district court is located or where service is made." In Washington, service by publication is authorized when the defendant cannot be located in the state, the defendant's residence is unknown, and when the subject of the action is personal property and "the defendant has or claims a lien or interest . . . therein, or the relief demanded consists wholly, or partly, in excluding the defendant from any interest or lien therein." RCW 4.28.100(6). While Plaintiff did not raise the issue in its Motion, Washington CR (d)(4) also permits—when justified—"service by publication, if the serving party files an affidavit stating facts from which the court determines that service by mail is just as likely to give actual notice as service by publication." Thus, the Court may authorize Plaintiff to cause copies of the summons to be mailed to Defendant Velasquez for service.

The Court finds Plaintiff has demonstrated Defendant Velasquez cannot be found within Washington State as required under RCW 4.28.100 for alternative service by publication. *See* Dkt. No. 18-1. The Postmaster has indicated that Defendant Velasquez is still receiving mail at 2612 84th Street Ct. S., Apt. M., Lakewood, WA 98499-9165, but Plaintiff's process server was unable to serve Defendant Velasquez at that address. *Id*. ¶ 8, Ex. C. Plaintiff's process server indicated that an individual at that address did not know Defendant Velasquez. Dkt. No. 18-1 ¶ 9,

Ex. D. Specifically, Plaintiff's process server stated that on a second attempt for service at Defendant Velasquez's last-known-address, the server "spoke with an individual who identified themselves as the resident and they stated subject unknown. I spoke with neighbor who says not resident." Dkt. No. 18-1, Ex. C at 1.

For this reason, the Court is not confident that service by mail will give actual notice to Defendant Velasquez. Plaintiff may therefore serve Defendant Velasquez by publication under RCW 4.28.100 in the Daily Journal of Commerce, substantially in the form provided in RCW 4.28.110, *and* by mail in the form provided under Washington CR 4(d)(4).

It is so ORDERED.

Dated this 14th day of September, 2023.

Jamal N. Whitehead
United States District Judge

ORDER GRANTING MOTION FOR ALTERNATIVE SERVICE - 3